# United States District Court
## for the Northern District of Oklahoma

Case No. 23-cr-136-JDR-8

UNITED STATES OF AMERICA,

*Plaintiff*,

*Versus*

BRITTANY WELCH,

*Defendant.*

## OPINION AND ORDER

The United States of America, on behalf of the Director of the Federal Bureau of Prisons, moves to reduce Ms. Welch's term of imprisonment to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 406. The Government asks this Court to reduce Ms. Welch's thirty-three-month prison term to time served because Welch has been diagnosed with a terminal illness and has a limited life expectancy. On consideration of the motion, the record, and applicable law, the Court grants the motion.

I

In March 2024, Ms. Welch pleaded guilty to one count of conspiracy to possess with intent to distribute controlled substances, including 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846. Dkt. 406 at 1; Dkt. 275. Welch admitted that she participated in a drug trafficking operation for nearly two years by sending money to a supplier in Mexico with knowledge that the money constituted proceeds from the distribution of methamphetamine. Dkt. 275 at 2. United States

No. 23-cr-136

District Judge Rodney W. Sippel sentenced Ms. Welch to thirty-three months' imprisonment, to be followed by five years of supervised release. Dkt. 349.

Ms. Welch is imprisoned at Alderson Federal Prison Camp in West Virginia, with a projected release date of October 22, 2025. Dkt. 406 at 1; *see* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc, last visited June 24, 2025 (query Register No. 54934-510). Now thirty-four years old, Ms. Welch has been diagnosed with stage IV adenocarcinoma of the colon that has metastasized to her liver. Dkt. 406 at 1. Her prognosis is poor; she has a likely life expectancy of less than eighteen months. *Id.* Given the advanced stage of her disease, her treatment options are palliative, not curative. *Id.*

The Government represents that Ms. Welch has a release plan that will permit her to reside with her sister in Choctaw, Oklahoma. *Id.* at 2. The United States Probation Office for the Western District of Oklahoma has approved Ms. Welch's release plan and her relocation to that district. *Id.* at 2.

II

Federal district courts ordinarily lack authority to modify a previously imposed sentence. 18 U.S.C. § 3582(c). But § 3582(c)(1)(A)(i) permits a district court, "in any case," to reduce a term of imprisonment "after considering the factors set forth in § 3553(a) to the extent they are applicable, if [the court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i);[1] *see also United States v. Maumau*, 993 F.3d 821, 831 & n.4 (10th Cir. 2021).

_____

[1] Section 3582(c)(1)(A) allows either the Bureau of Prisons or a defendant to move for a reduction in sentence.

No. 23-cr-136

*Maumau* instructs courts to apply a three-step test when considering a motion for reduction in sentence. At step one, the court exercises its discretion to determine for itself whether the defendant has shown any extraordinary and compelling reasons for a reduction in sentence. *Maumau*, 993 F.3d at 831, 834. At step two, the court considers whether a reduction would be consistent with the Sentencing Commission's applicable policy statements. *Id.* at 831. At step three, the court considers applicable § 3553(a) sentencing factors to determine whether a reduction authorized by steps one and two is warranted under the defendant's individualized circumstances. *Id.* Before granting a motion, the court must address all three steps. *United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024).

The Sentencing Commission's applicable policy statement advises a court to find that "extraordinary and compelling reasons" warrant a reduction in sentence and that the defendant does not pose a danger to the public. USSG § 1B1.13(a)–(b). The policy statement describes six circumstances that may provide "extraordinary and compelling reasons" for a reduction in sentence, including one "catch-all" provision for circumstances "similar in gravity" to those described in the first four provisions. USSG § 1B1.13(b)(1)-(6). Relevant here, the first circumstance contemplates that a defendant's medical circumstances may provide an extraordinary and compelling reason for a reduction in sentence when

> [t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

USSG § 1B1.13(b)(1)(A).

3

No. 23-cr-136

### III

Exercising its discretion at step one, the Court finds that Ms. Welch's diagnosis of advanced stage metastatic adenocarcinoma is an extraordinary and compelling reason for a reduction in sentence. Proceeding to step two, the Court finds that a reduction in sentence is consistent with the policy statement in USSG § 1B1.13(a)(1)(A) and (b)(1)(A) because Ms. Welch has been diagnosed with a terminal illness, and in her present condition, she poses no danger to the public. Arriving at step three, the Court finds that consideration of applicable sentencing factors set forth in § 3553(a) favors reducing Ms. Welch's term of imprisonment to time served. Participating in a drug trafficking operation undoubtedly is a serious offense. But Ms. Welch, who has a documented history of substance abuse and minimal criminal history related to that abuse, played a relatively minor role in that operation, and she accepted responsibility for that role through her guilty plea. Presentence Report, ¶¶ 8-13, 16, 29-30, 42. Though these factors were accounted for in crafting Ms. Welch's thirty-three-month prison term, her circumstances have dramatically changed since her sentence was imposed. Given Ms. Welch's diagnosis and prognosis, the Court finds that her prison term has become greater than necessary to afford adequate deterrence to criminal conduct, protect the public from further crimes committed by Ms. Welch, and provide her with needed training, medical care, and correctional treatment in the most effective manner. Under the circumstances, the Court finds that a reduced prison term of time served is sufficient, but not greater than necessary, to comply with the purposes of sentencing.

For these reasons, the Court grants the motion to reduce Ms. Welch's sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Dkt. 406] and reduces Ms. Welch's thirty-three-month prison term to time served.

No. 23-cr-136

## IV

IT IS ORDERED that the Government's motion [Dkt. 406] is granted. Ms. Welch's thirty-three-month prison term is reduced to time served. The previously imposed five-year term of supervised release and the terms and conditions of supervised release remain unchanged. Upon her release from custody of the Bureau of Prisons, Ms. Welch (USMS No. 54934-510) shall begin serving the five-year term of supervised release under supervision of the United States Probation Office for the Western District of Oklahoma.

IT IS FURTHER ORDERED that the Bureau of Prisons shall release Ms. Welch (USMS No. 54934-510) as soon as her medical condition permits. The effect of this Order is hereby stayed for up to fourteen days to allow the Bureau of Prisons to make appropriate travel arrangements for Ms. Welch to return to Oklahoma and to ensure her safe release.

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of this Order to the United States Probation Office for the Western District of Oklahoma and to the United States Probation Office for the Northern District of Oklahoma.

DATED this 26 day of June 2025.

JOHN D. RUSSELL
*United States District Judge*